NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JUSTIN WIESSNER, *Appellant.*

No. 1 CA-CR 13-0646

FILED 08-26-2014

Appeal from the Superior Court in Navajo County
No. S0900CR201200655
The Honorable Ralph E. Hatch, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Criss E. Candelaria Law Office, P.C., Pinetop
By Criss E. Candelaria
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.

**D O W N I E**, Judge:

¶1        Justin Wiessner appeals from the revocation of his probation and resulting prison sentence.  For the following reasons, we affirm.

## BACKGROUND

¶2        While Wiessner was on probation for an aggravated assault conviction, the State alleged that he:

- Committed the offense of misconduct involving weapons.

- Committed the offense of forgery.

- Possessed or controlled a firearm.

- Possessed or controlled a deadly or prohibited weapon.

- Changed residence without approval of the probation department.

- Possessed or consumed an alcoholic beverage.

- Failed to perform community service.

¶3        At the probation revocation hearing, defense counsel argued that the knife was not a deadly weapon.  The superior court ruled that Wiessner violated probation by committing misconduct involving weapons (possessing the knife), committing the crime of forgery, changing residence without notification to or approval of his probation officer, consuming alcohol, and failing to perform community service.  The court revoked Wiessner's probation and sentenced him to three years' imprisonment.

¶4        Wiessner timely appealed.  This Court has jurisdiction under Article VI, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

¶5        Wiessner contends the knife he possessed while on probation was not a deadly weapon.  He also challenges the constitutionality of A.R.S. § 13-3102 (misconduct involving weapons).  But even assuming *arguendo* that these appellate challenges are meritorious, we find no reversible error.  An error is harmless if the appellate court can

say, beyond a reasonable doubt, that it did not affect the trial court's decision. *State v. Moody*, 208 Ariz. 424, 457, 94 P.3d 1119, 1152 (2004); *see also* A.R.S. § 13-3987 (harmless error).

¶6          The superior court revoked Wiessner's probation on numerous grounds and specifically stated at the disposition hearing that possession of the knife was "not affecting the sentence" because "the circumstances of the knife" and Wiessner's reported use of it at work were "understandable." Indeed, the reply brief acknowledges that, "Judging from the Court's statement at sentencing, it is true that Wiessner's sentence would not have changed if the judge had misapplied the weapons misconduct statute." The superior court went on to explain that its decision was based on Wiessner's "other violations of probation and [his] history of being on probation and violating probation, [his] three prior felony convictions, [his] poor performance on this probation in this case, and the emotional and physical harm caused to the victim, together with [his] criminal history."

¶7          Contrary to Wiessner's suggestion, this is not a situation akin to having an additional conviction on his record that is of questionable validity. The record unequivocally establishes that the superior court would have revoked probation and sentenced Wiessner to three years' imprisonment even without the knife possession allegations. As a result, it is clear beyond a reasonable doubt that any error regarding the knife Wiessner possessed while on probation was harmless.

## CONCLUSION

**¶8**  For the reasons stated, we affirm the revocation of Wiessner's probation and the sentence imposed by the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: gsh